No. CR201900009

CV-20-553-TUC-BGM



LODGED
RECEIVED COPY

DEC 22 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
DEPUTY

IN THE

UNITED STATES DISTRICT COURT

OF ARIZONA

Jesus Ernesto Loreto Jr — PETITIONER
(Your Name)

vs.

Cochise County Superior Court / STATE of AZ — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

Cochise County Superior Court

(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

Jesus Ernesto Loreto Jr

(Your Name)

Po Box 4055

(Address)

Bisbee AZ 85603

(City, State, Zip Code)

520-366-8345 (wifes personal cell phone)

(Phone Number)

## QUESTION(S) PRESENTED

PLEASE SEE ATTACHMENT (A)

Please See ATTACHMENT (B)

Please See Attachment (C)

ATTACHMENTS A

DECEMBER 8 2020

## UNITED STATES DISTRICT COURT OF APPEALS
### DISTRICT OF ARIZONA

ATT: court clerk

RE: writ of certiorari

CASENUMBER :CR201900009
REQUEST FILED (PRO SE)
BY:(DEFENDANT ) JESUS ERNESTO LORETO JR

PRESIDING COURT : COCHISE COUNTY SUPERIOR COURT
DIVISION 5 COURT ROOM
PRESIDING JUDGE : HONORABLE (J.CONLOUGE)

PLANTIFF (STATE OF ARIZONA) vs

DEFENDANT (JESUS ERNESTO LORETO JR)

FACTUAL BASIS OF WRIT OF CERTIORARI(review request) INVOLVING
A FEDERAL QUESTION PERTAINING TO SEVERAL VIOLATIONS OF THE UNITED
STATES CONSTITUTION,ET AL, DENILE OF DUE PROCESS, VIOLATION OF
CIVIL RIGHTS, VIOLATION OF CRIMINAL PROCEDURE ACT ,VIOLATION OF THE RUI
OF EVIDENCE.

FACTS:TRANSCRIPT OF COURT PROCEEDING DATED MAY 27th 2020
INCLUDED TO SUPPORT AND PROVE THE CLAIM INVOLVING THE FEDERAL
QUESTION: WHICH PRESENTS A VALID REQUEST FOR REVIEW OF THE CASE BY
A HIGHER COURT AS FOLLOWS:

TRANSCRIPT OF COURT PROCEEDING HELD ON MAY 27th 2020 (HIGH LIGHTED)
CLEARLY IDENTIFIES AND SHOWS THAT THE DEFENDANT CLEARLY REJECTED THE
PLEA DEAL ENTIRLEY UPON PROMPTED BY THE PRESDING COURT JUDGE
TO ANSWER YES OR NO TO THE REQUIRED QUESTIONS ASKED WHEN ENTERING
A PLEA DEAL CONTRACT TO ENSURE AN INTELLIGENT CHOICE OF FREE
WILL HAS BEEN MADE ON THE DEFENDANTS BEHALF AS STIPULATED AND
REQUIRED BY FEDERAL AND STATE LAW. THE DEFENDANT CLEARLY ANSWERS
(NONE) MEANING ( THE DEFENDANT DOES NOT AGREE TO THE STIPULATED
REQUIRMENTS OF THE PLEA DEAL. DOES NOT UNDERSTAND THE PLEA DEAL, AND
DOES NOT ACCEPT THE PLEA DEAL BEING OFFERED. THE PRESIDING MAGISTRATE
THEN CLEARLY REJECTS THE PLEA DEAL NOT ONCE BUT TWICE IN THE SAME
COURT PROCEEDING THEN ERRS IN TAKING FULL CHARGE AND DOMINION AND
CONTROL OVER THE PLEA DEAL NEGOTIATIONS AS IS PROHIBITED IN HIS DUTY
AND ROLE AS PRESIDING MAGISTRATE AND LEANS HIS ENTIRE WEIGHT
AND POWER ,AND INFLUENCE ON THE DEFENSLESS DEFENDANT
WHO THEN IS PRESSURED, INFLUENCED ,COERCED
FORCED TO TAKE THE PLEA DEAL OR ELSE! AND THUS THE DENILE OF DUE
PROCESS, MANIFEST INJUSTICE IS PRODUCED, ALONG WITH ▮▮▮▮▮
MANY OTHER VIOLATIONS AS OCCURRED THROUGhOUT THIS ENTIRE CASE
FROM INITIAL INCEPTION  ,CONTINUED, AND TO PRESENT ...TO INCLUDE
PREVIOUSLY BEFORE THE INITIAL COMPLAINT WAS EVEN FILED BACK
IN JANUARY ᴣ 2019
THE DEFENDANT HAS REQUESTED A WRIT OF CERTIORARI BE FILED
BY HIS PRESENT LEGAL DEFENSE REPRESENTATIVE (JESSICA ZACHARY)
WHO HAS BEEN CONTACTED VIA TELEPHONIC SCHEDULED CALL APPOINTMENTS, VIA



PAGE 2 CONTINUD( WRIT OF CERTIORARI} REVIEW REQUEST  DEC 8 2020

CASE NUMBER CR201900009(JESUS ERNESTO LORETO JR)

EMAIL, TO INCLUDE USPS WRITTEN CORRESPONDENCE WHICH MRS ZACHARY HAS
NOT AKNOWLEDGE OR RESPONDED TO AND THUS FORCES THE DEFENDANT TO FILE
the pleading ( review request pro se)


THE FEDERAL QUESTION INVOLVED IS NOT A COMPLEX ONE TO ANSWER , IF THE
PRESIDING MAGISTRATE REJECTS THE PLEA AGREEMENT TWICE IN A SINGLE
COURT PROCEEDING DUE TO THE DEFENDANT NOT ACCEPTING THE PLEA
DEAL AS (NONE) THEN THE PLEA DEAL IS INVALID AND VOID TWICE AND THAT
SHOULD HAVE BEEN FINAL AND THE END OF THAT PROCEEDING AND RE SCHEDULE
FOR TRIAL BY JURY AS PREVIOUSLY DONE shoulD HAVE CONTINUED
THUS THE DEFENDANT HAS PROVEN MANIFEST INJUSTICE AND DENILE OF DUE
PROCESS OCCURS!

THE DEFENDANT HAS ATTEMPTED ,AND REQUESTED FROM HIS ATTORNIES
ET AL VARRIOUS TIMES THIS REQUEST FOR REVIEW FROM THE HIGHER COURT
(AND HAS BEEN REPEATEDLY IGNORED ) THUS THE DEFENDANT FILES THE ( WRIT
OF CERTIORARI)(PRO SE) ON HIS OWN BEHALF  AND LIMITED TO
A BASIC COMMON KNOWLEDGE AND SKILL NOT INCLUDING OR INVOLVING
ANY TYPE OF LEGAL DEFENSE EXPERTISE OR SKILLS OR EXPERIENCE
EXCEPT AND INVOLVING COMMON BASIC KNOWLEDGE THAT WHAT IS WRONG IS
WRONG AND WHAT IS RIGHT RIGHT
THE DFENDANT THANKS AND APPRECIATES THE HIGHER COURTS TIME AND ████
ATTENTION WITH THIS MATTER ! GOD BLESS YOU ALL AT THIS VERY DIFFICULT
TIME IN OUR WORLD!   CONTACT ADDRESS IS AS FOLLOWS  :
JESUS ERNESTO LORETO JR ,PO BOX 4055, BISBEE AZ 85603


X _____ x 12/8/20
JESUS ERNESTO LORETO JR (defendant) (pro se)

DECEMBER 8 2020  WRIT OF CERTIORARI ( ATTACHMENT B) NOTE ON TRANSCRI[

CASE CR 201900009 ( JESUS ERNESTO LORETO JR)

IMPORTANT NOTE :THE TRANSCRIPT IS MISSING A LARGE PART OF THE
ACTUAL OCCURRENCES AS ACTUALLY EXISTED IN ORDER, THERE IS A LARGE
SERIES OF SECTIONS THAT DO NOT APPEAR AS SHOULD BE REFLECTED AS THE
TRUE OFFICIAL RECORDED RECORD, THESE SESSIONS WOULD CLEARLY
SET IN ORDER WHAT ACTUALLY TRANSPIRED AND WAS DISCUSSED IN
THE COURT PROCEEDING WHICH WERE INFACT ALMOST COMPLETELY HANDLED
AND ENGAUGED CONTROLED AND POSSESSED BY THE PRESIDING COURT JUDGE (
J.CONLOUGE WHO IN A COMMON MANS VIEW AND PRECEPTION OF THE
COURT PROCEEDINGS WOULD UNDOUBTEDLY ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
STATE THAT THE JUDGE WAS IN FULL CONTROL, INVOLVED, AND DOMINATED AND
INFLUENCED AND DICTATED  DOMINION AND CONTROL OVER THE PLEA DEAL
NEGOTIATIONS AND FORCED THE DEFENDANT TO UNWILLINGLY TAKE THE PLEA
AND NOT INTELLIGENTLY AND KNOWINGLY WITH OUT PRESSURE . OUTSIDE
INFLUENCES, THREATS . OR PROMISES CHOOSE TO ACCEPT THE PLE DEAL
ON HIS OWN FREE WILL..THIS MANIFESTS INJUSTICE AND PROMOTES A SOLID
BASIS WITH THE PROOF TO SUPPORT A CLAIM OF REVIEW BY A HIGHER
COURT  AND OR A MOTION TO DISSMISS THE CASE ENTIRLEY IS IN ORDER
AND HAS PREVIOUSLY BEEN FILED WITH OTHER VARIOUS MOTIONS ON BEHALF
OF THE DEFENDANT (PRO SE) DUE TO A LACK OF DILIGENT LEGAL
DEFENSE REPRESENTATION BY: TOM SCOTT HARTZELL, AND NOW BY JESSICA ▮
ZACHARY
FURTHERMORE THE DEFENDANT HAS ATTEMPTED AND SUBMITTED VARIOUS
WRITTEN LETTERS , ELECTRONIC EMAILS AND HAS ATTEMPTED TO COMMUNICATE
VIA TELEPHONIC SCHEDULED APPOINTMENT CALLS WITH MRS ZACHARY
WHO HAS NOT BEEN AVAILABLE AND HAS NOT RESPONDED OR AKNOWLEDGE THE ▮
DEFENDANTS REQUESTS, ALL COPIES OF EMAILS. WRITTEN LETTERS AND
SCHEDULED CONFERENCE CALLS KEPT FOR IMMEDIATED REVIEW TO SUPPORT THE
DEFENDANTS CLAIMS OF A LACKING DILIGENT LEGAL REPRESENTATION
ON BEHALF OF THE DEFENDANTS ATTORNEYS. THE TWO SHORT BRIEF
COMMUNICATIONS HELD BETWEEN MRS ZACHARY AND THE DEFENDANT
WERE RECITED REPETATIVE STATEMENTS ON BEHALF OF THE LEGAL DEFENSE REP.
// I AM ONLY ALLOWED TO REPRESENT YOU IN A MINIMAL CAPACITY INVOLVING
THE PLEA DEAL AND ALTHOUGH THERE ARE ISSUES EXISTING AND PRESENTED
AND CONTAINED IN THE FACTUAL BASIS PART OF IT WHICH WOULD POSSIBLY
ALLOW A MOTION TO WITHDRAWL FROM THE PLEA DEAL , WHICH WILL GET
DENIED BY THE JUDGE ANY WAYS, IF YOU MADE IT OUT OF THE PLEA DEAL
YOU WILL BE CONVICTED BY THE JURY AND RECIEVE 10 yrs MINIMUM
OF PRISON TIME." AND SHE REPEATEDLY STATED SHE WOULD NOT ▮
FILE ANY MOTIONS TO SUPRESS ALL TANGIBLE OR INTANGIBLE EVIDENCE
DUE TO THE ILLEGAL SEARCH AND SEIZURE BECAUSE SHE JUST WOULDNT DO IT
AND THAT THE PRO SE MOTIONS FILED ON MY BEHALF WHILE LACKING LEGAL
DEFENSE REPRESENTATION WERE WORTHLESS AND INVALID!

AS ALSO STATED BY THE PRESIDING COURT JUDGE ON DEC 7 2020 IN OPEN COURT
THUS THE DEFENDANT HUMBLY REQUESTS A REVIEW FROM A HIGHER COURT
BASED ON THESE FACTS AND IN THE BEST INTREST OF A FAIR, JUST
AND LEGAL JUDICIAL SYSTEM WHICH IS OBVIOUSLY LACKING SUCH
QUALITIES AND IS IN THE BEST INTREST OF OF GREAT NATIONS SURVIVAL AND ▮
EXISTENCE AS SUCH . THANK YOU GOD BLESS YOU ( JESUS ERNESTO LORETO JR)

X _____ X  DEC 8/2020
DEFENDANT PRO SE

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCHISE

THE STATE OF ARIZONA,                )
                                     )
            Plaintiff,               )
                                     )
    vs.                              )  Cause No.
                                     )  CR-201900009
JESUS E. LORETO, Jr.,                )
                                     )
            Defendant.               )
                                     )

Wednesday, May 27, 2020
Bisbee, Arizona

OFFICIAL COURT REPORTER'S TRANSCRIPT
CHANGE OF PLEA

BEFORE:  THE HONORABLE JAMES L. CONLOGUE, JUDGE

VAN G. HONEMAN, RDR
Official Court Reporter
Cochise County Superior Court
Bisbee, Arizona
AZ Certified Reporter #50335

APPEARANCES:

For the State:

MATTHEW ECKLUND, Esq.
Assistant Attorney General

- - -

For the Defendant:

T.S. HARTZELL, Esq.
Attorney at Law

- - -

```
 1                    P R O C E E D I N G S

 2

 3           (3:25 p.m.)

 4           THE COURT:  Thank you.  Please be seated.

 5           We are here in State of Arizona vs. Jesus

 6  Loreto, CR-2019 No. 9.  Mr. Loreto is present in the

 7  courtroom, represented by Mr. Hartzell, the State is here

 8  by Mr. Ecklund.

 9           And I have received a written plea

10  agreement, and Mr. Loreto, I am going to ask you some

11  questions to make sure that you understand your agreement

12  and also to make sure that you're entering into it

13  voluntarily.  I also want to review some of your

14  constitutional rights and I am going to start off by

15  reminding you that you have the right to remain silent,

16  that you cannot be made to be a witness against yourself,

17  and you do not have to plead guilty to anything in this

18  court.  Do you understand those things?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  Have you used any type of

21  medication, drugs or any other substance which could

22  affect your ability to understand these proceedings?

23           THE DEFENDANT:  No, sir.

24           THE COURT:  Do you read and understand the

25  English language?
```

1    THE DEFENDANT:  Yes, your Honor.

2    THE COURT:  I have been presented with a

3  written agreement in your case.  I'm showing you the next

4  to last page of your plea agreement.  Is that your

5  signature?

6    THE DEFENDANT:  Yes, sir.

7    THE COURT:  Did you read the agreement

8  before you signed it?

9    THE DEFENDANT:  Vaguely.

10    THE COURT:  Well, let me give you an

11  opportunity to read it.  This is an important document.

12    THE DEFENDANT:  Yes, it is.  I would like to

13  express concern that I am -- I am concerned about the

14  virus in the prisons, that's what's got me concerned,

15  you know, to be sentenced for ten years or sentenced

16  to five doesn't guarantee that I might make it out.

17  That's why I expressed concern because two of my family

18  members have already died from it.

19    THE COURT:  So do you want some more time to

20  read this over and think about it?  I think it's important

21  that you read it.

22    THE DEFENDANT:  It is.  I was going to ask

23  for some more time, but I know we're already construed on

24  time in court.  And what it is, it's an overriding

25  decision.

1    THE COURT:  All right.  Well, why don't you
2  read the document, and if you have any questions about
3  what's in it, speak with your attorney, and when you have
4  had a chance to read it and discuss it with your attorney,
5  we'll come back in.  This is your decision, Mr. Loreto,
6  you do not have to accept this, it's completely your
7  decision.

8    So take a break.  When you're ready for me
9  to come back in, let me know.

10    THE DEFENDANT:  Thank you, your Honor.

11    (A five minute recess was taken.)  *NOT ENOUGH TIME*

12    THE COURT:  All right.  We are continuing in
13  State of Arizona vs. Jesus Loreto.  Mr. Loreto is present,
14  counsel are present.

15    And Mr. Loreto, did you have an opportunity
16  to read the agreement?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  And after reading it, do you
19  still want to show your signature on that document?

20    THE DEFENDANT:  Yes.

21    THE COURT:  And did your attorney explain
22  the agreement to you?

23    THE DEFENDANT:  Yes, he did.

24    THE COURT:  And do you understand everything
25  written in the agreement?

1    THE DEFENDANT:  Yes, sir.

2    THE COURT:  And this is an important

3  question:  Do you agree with everything that's been

4  written in this agreement?

5    THE DEFENDANT:  None, to be honest.

*DEFENDANT Rejects plea*

6  That's just being honest.

7    THE COURT:  That's all I'm asking for is

8  honesty.

9    THE DEFENDANT:  Yes, sir.  *JUDGE REJECTS PLEA*

10    THE COURT:  So we have our trial set and

11  we'll go forward.

12    THE DEFENDANT:  I don't agree with what

13  everything said on here.  *Defendant rejects PLEA AGAIN*

14    (A discussion was had off the record

15     between Mr. Hartzell and the defendant.)

16    THE DEFENDANT:  As I understand, trial was

17  -- for June 23?  *A lot is missing From Transcripe*

18    THE COURT:  June 23.

19    THE DEFENDANT:  Well, I'll accept the

20  plea agreement, yes, sir.

21    THE COURT:  Well, I mean, do you agree with

22  everything that's set forth in the plea agreement?

23    THE DEFENDANT:  Just one I don't.  *Confused*

24  I'll -- I'll accept, I'll accept, I'll accept at this

25  time.  It's kind of whatever I can -- but I'll -- I know

*[handwritten: There is A BIG piece missing Here]*

1  everybody -- nobody other than me want to get this

2  settled.  It's been a very difficult time.

3              THE COURT:  I'm more than happy to go

4  to trial.  I'm not trying to force you into anything.

5              Mr. Ecklund?

*[handwritten: This clearly points to the judges THINKing over plea deal Treats like a]*

6              MR. ECKLUND:  Your Honor, it's not Negotiate

7  necessarily my place to interject.  However, both

8  Mr. Loreto and his attorney have expressed specific

9  concerns regarding the timing of the sentencing in

10  this case.  The State has indicated that it does not

11  have an objection to a suspension of that sentencing date.

12  I believe, don't certainly know, that the issue that

13  Mr. Loreto is having are not about the actual case and the

14  plea, but about the increased risk of going into custody

15  right now compared to six months ago or six months in the

16  future.  I just wanted to bring that up because I feel

17  like the department would be able to stipulate to the

18  sentencing date in this case out in the future rather than

19  having it set within thirty days if either side demands

20  it.

21              THE COURT:  And I looked over the

22  plea agreement.  I'm understanding that Mr. Loreto will

23  stay out of custody until sentencing.  Are the parties

24  stipulating to that?

25              MR. ECKLUND:  I will.

1                    MR. HARTZELL:  Yes, your Honor.

2                    THE COURT:  Because it would require a

3    stipulation.

4                    And then sentencing out in sixty days?

5                    MR. ECKLUND:  For a date that would be

6    eventually in August or in September or on a date later,

7    that would be fine with the State.

8                    THE COURT:  Ninety days?

9                    MR. ECKLUND:  Yes.

10                   MR. HARTZELL:  Yes, your Honor.

11                   THE DEFENDANT:  I would just, if conditions

12   are better, I would be more at ease.  That's just it,

13   your Honor.

14                   THE COURT:  I have no idea what the world is

15   going to look like.

16                   THE DEFENDANT:  Yes, sir, I understand that,

17   I understand that, but I'm just expressing my honest

18   concern.

19                   THE COURT:  And I can only do this if I can

20   honestly believe this is voluntary, and I don't know --

21                   THE DEFENDANT:  Yes, I understand and

22   I appreciate that.  If the prosecution has no objection

23   to that, you know, in three months, if it gets worse,

24   you know, you know, give me at least ninety days and

25   hopefully, by that time everything will get better and

1  that it's really --

2              THE COURT:   No way of knowing.

3              But I would be willing to set sentencing on

4  August 31, which is a little more than ninety days,

5  if counsel would not object to that date.

6              MR. ECKLUND:   I have no objection.

7              MR. HARTZELL:   No objection, your Honor.

8              THE COURT:   And Mr. Loreto, you would

9  remain out of custody during that period of time,

10  but if you failed to appear or if you messed up between

11  now and August, then the State could withdraw from the

12  plea agreement, and if you didn't appear for sentencing,

13  then any of the -- any sentence available for a Class 4

14  felony would be available at the time of your sentencing.

15              But still, I mean, this has to be something

16  that you want to do.  I am going to be asking you those

17  questions here.

18              THE DEFENDANT:   No, I'll -- yeah, I mean,

19  yeah, I'll accept it, I'll accept it, I'll accept it,

20  I'll put my faith in the Lord.

21              THE COURT:   And do you agree with everything

22  that's set forth in the agreement?

23              THE DEFENDANT:   Yes, I'll agree with it.

24              THE COURT:   And did anybody make any

25  promises to you that were not written down in the

1  agreement?

2         THE DEFENDANT:  Yes, the extension of the

3  sentencing time.

4         THE COURT:  And did anybody threaten you

5  in any manner with regard to this court proceeding?

6         THE DEFENDANT:  No, sir.

7         THE COURT:  Did anybody use any force

8  against you or attempt to force you into entering this

9  plea here today?

10         THE DEFENDANT:  No, sir.

11         THE COURT:  Mr. Loreto, you are presumed

12  innocent of the charges against you and you have the right

13  to a trial before a jury.  At that trial, you would be

14  represented by your attorney and with the assistance

15  of your attorney, you would be able to confront and

16  cross-examine any witnesses called by the State, you would

17  be able to present evidence and witnesses on your behalf

18  and to compel the attendance of those witnesses at the

19  trial.  You could choose to testify or not testify,

20  and your silence could not be used against you.

21  The State would have the burden of proving the charges

22  against you beyond a reasonable doubt.

23         By entering this plea, you're giving up

24  the rights that I described and in fact, you will be

25  giving up all the rights that you have to a trial.  Do you

1 understand that you are giving up your rights to a trial?

2             THE DEFENDANT:  Yes.

3             THE COURT:  By entering this plea,

4 you're also giving up your right to an appeal.

5 The only means that you would have to seek review of the

6 trial court proceedings would be by filing a petition for

7 post-conviction relief in the trial court.  If that's

8 denied, you could seek appellate review of the denial, but

9 the appellate review is discretionary and it may or may

10 not be granted.  Do you understand that you're giving up

11 your right to an appeal?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Let me verify with you that

14 these are the things that you want to do.  Do you want to

15 give up your right to a trial and give up your right to an

16 appeal by entering this plea here today?

17             THE DEFENDANT:  Yes.

18             THE COURT:  If you enter the plea, you will

19 be sentenced to a term of imprisonment in the department

20 of corrections, but it will not exceed two and one-half

21 years.  Do you understand that you will be going to prison

22 if you enter this plea?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  You will be required to serve

25 at least 85% of the sentence imposed.  You will also be

1 sentenced to serve a term of community supervision equal
2 to approximately one-seventh of the prison term and that
3 would have to be served consecutively or after the actual
4 period of imprisonment, and if you fail to abide by the
5 terms and conditions of the community supervision, you
6 would be returned to prison, where you would have to serve
7 the remaining part of the community supervision term
8 actually in custody in prison. Do you understand those
9 things?

10                THE DEFENDANT: Yes, sir.

11                THE COURT: Now, you will be fined $1,500.
12 Do you understand the stipulated fine?

13                THE DEFENDANT: Yes, sir.

14                THE COURT: Now, and I think this is
15 probably from Mr. Ecklund, Mr. Loreto, but the fine,
16 $1,500 fine would go to the State Antiracketeering
17 Revolving Fund. There are other surcharges, however,
18 that would go wherever the statute says they go, so it's
19 only the $1,500 that would go to the Antiracketeering
20 Revolving Fund.

21                The other, in addition to the fine,
22 Mr. Loreto, there would be an 83% surcharge; $20 time
23 payment fee; $20 probation surcharge; $13 law enforcement
24 assessment; and a $2 victims rights assessment. Do you
25 understand those additions to the fine, Mr. Loreto?

1       THE DEFENDANT:  Yes, sir.

2       THE COURT:  I'm required by rule to inform

3  you that if you are not a citizen of the United States,

4  pleading guilty or no contest to a crime may affect your

5  immigration status.  Admitting guilt may result in

6  deportation even if the charge is later dismissed.

7  Your plea or admission of guilt could result in your

8  deportation or removal, could prevent you from ever

9  being able to get legal status in the United States, or

10  could prevent you from becoming a United States citizen.

11  To the extent those things apply, do you understand them?

12       THE DEFENDANT:  Yes, your Honor.

13       THE COURT:  So it's going to be a prison

14  sentence.  It will be somewhere between one and one-half

15  -- somewhere between one year and two and-a-half years.

16  There is a $1,500 fine.  Do you have any questions about

17  what could happen if you enter this plea?

18       THE DEFENDANT:  No.  I think I've already

19  asked those.

20       THE COURT:  All right.  Have you had enough

21  time to discuss this situation with your attorney?

22       THE DEFENDANT:  Yes.  I mean, to be honest

23  with you, it's short in time due to everything that's

24  going on, but I'm -- I trust.

25       THE COURT:  Do you think you have had enough

1 time to speak with him?

2         THE DEFENDANT:  Yes.

3         THE COURT:  And do you have any questions

4 for Mr. Hartzell or for the Court before we go any

5 further?

6         THE DEFENDANT:  I think I've already

7 addressed my concerns.

8         THE COURT:  And again, this is what you want

9 to do?  You agree to this and this is what you want to do?

10         THE DEFENDANT:  Yes, your Honor.

11         THE COURT:  I'll read to you the statement

12 of the offense and I am going to ask you if you plead

13 guilty or not guilty.  It states that on or about July 5,

14 2018 in Cochise County, that you knowingly possessed a

15 firearm while being a prohibited possessor, that's a

16 Class 4 nondangerous, nonrepetitive felony offense, in

17 violation of Arizona Revised Statute Section 13-3102.

18 With regard to that charge, do you plead guilty or not

19 guilty?

20         THE DEFENDANT:  Guilty, your Honor.

21         THE COURT:  Mr. Hartzell, factual basis,

22 please?

23         MR. HARTZELL:  Yes, your Honor.

24         On July 5, 2018 in Cochise County, Arizona,

25 Cochise County sheriff's officers and others were

executing a search warrant at Mr. Loreto's residence and
while executing that service, among other items discovered
in the house was a semiautomatic type shotgun that was
leaning against a chair in the residence, this was in
Mr. Loreto's residence, he had dominion and control over
that shotgun and that he had the ability to move it about
and work on it wherever he wanted to with it, and that it
was not permanently inoperable and he was a prohibited
possessor.

THE COURT: And he had previously been
convicted of a felony offense and not had his right to
possess the firearm restored?

MR. HARTZELL: Yes, your Honor, he was
convicted of a felony offense in this particular Arizona
court and he had not had his rights restored.

THE COURT: And Mr. Ecklund, is the State
satisfied with the factual basis?

MR. ECKLUND: Yes.

THE COURT: And Mr. Loreto, were you a
prohibited possessor on July 5, 2018?

THE DEFENDANT: I was not aware that
I wasn't, just to be honest.

THE COURT: You were not aware that you
weren't?

THE DEFENDANT: No. I did -- I was

1  convicted and after I got off probation, before I got in
2  trouble, I was a legal owner and I did have a firearm, so
3  I talked with the probation officer that I could and they
4  gave me a mixed, someone telling me that the State would
5  -- that my rights were restored automatically.  It was
6  a long time ago, so I was -- I was not -- I gave up
7  all the firearms that I had because I was pending and
8  Second Amendment rights hadn't been restored, but I gave
9  up all my rights to firearms to be in compliance, but
10 I was not aware, as far as I knew, I was pending, pending
11 restoration, and that was just what I learned from
12 everything I did, everything I -- I sought information as
13 much as I could.
14             I did fill out some forms, but I had -- they
15 sent me a letter saying that in the mail or something that
16 it would take up to ten years.  Well, it just my boys --
17 I was -- my boys exercised their right to bear arms
18 and they lived with me, so I couldn't -- my status,
19 you know, I certainly did not think that I was a
20 prohibited possessor, the charge was so long ago.
21 I checked, I checked with everybody, everyone, and it was
22 kind of like a gray area.  I know I shouldn't do that,
23 I lost my rights, that that's what I was told when they
24 said I wouldn't be able to carry in the state that --
25 I didn't pursue it because I didn't have -- I didn't have

1  interest in those firearms any more.

2          And this incident, unfortunately, my kids'
3  firearms were there and that's what -- but I don't know if
4  that answers your question, but I got to be honest and say
5  that I was -- my thought is that I was pending, I didn't
6  try to be dishonest with the officers, and I said, you
7  know, I'm pending, as far as I know, I'm pending.

8          THE COURT:  When you say you're pending,
9  what does that mean?

10         THE DEFENDANT:  Your Honor, it's something
11 that I have been trying to find out what it means myself,
12 but what I read from the Arizona, the right to restoration
13 packet that I had gotten said that in order for me not to
14 be in compliance if you're in a vehicle with a firearm in
15 there that doesn't belong to you, if you're approached by
16 an officer, "Yes, there is a firearm, it's not mine and my
17 rights are pending."  That way I am not being deceitful
18 and things would work out.  That's -- so that's what,
19 you know, because I was unsure, I was unsure upon this
20 information.  That's why -- I have to be honest, the
21 language of the last attorney I had, and I'm not a skilled
22 attorney.  I did talk to a few people.  Like I said, my
23 probation officer told me it would be better to get rid of
24 the firearms that I had possessed when I was legal, so
25 I did that, but I had no control over what I thought my

1 kids and they were all in the kitchen and they still

2 exercised their rights, so I just -- I guess I went about

3 thinking that my kids would be responsible, but that's,

4 that's what I have to say, whatever.

5 THE COURT: All right. Well, Count Six is

6 the count here and it indicates that it could have been a

7 prohibited weapon?

8 MR. ECKLUND: Your Honor, can I just make a

9 brief record?

10 THE COURT: Sure.

11 MR. ECKLUND: And there is nothing illegal

12 about the shotgun in question other than the fact that

13 Mr. Loreto possessed it. If he knowingly possesses it,

14 whether he knows that his rights have been restored or

15 not, knowingly doesn't apply to that aspect, so I just

16 wanted to point that out, put that on the record for

17 his attorney and things like that. I brought this up to

18 Mr. Hartzell and --

19 THE DEFENDANT: That was in my house, and

20 I wasn't in the house, I was in the yard and I was nowhere

21 near it. 85 feet from my possession? That's an honest

22 question.

23 THE COURT: All right. Now, there were a

24 couple of other counts that related to a Marlin rifle.

25 Is that an easier, can you make a factual basis for the

1    Marlin rifle?

2              MR. ECKLUND:  So there were a large number

3    of firearms in the house.  The one that was sitting out

4    was most obvious.  If he's living in the house and it's

5    sitting out in the open inside the house, and I think

6    Mr. Loreto would agree with those, that it was there,

7    it was there, it wasn't some mystery that it was there,

8    it didn't appear after law enforcement showed up, that

9    that would be a sufficient basis.

10             THE COURT:  Well, but there are a number of

11   things.  I believe there is a factual basis for a couple

12   of reasons.  No. 1, the prohibited possessor is the status

13   and you either are or you aren't, and if Mr. Loreto has a

14   previous felony conviction and he did not have his rights

15   restored, he was a prohibited possessor.

16             If you went to trial, you would have to show

17   you had your rights restored, and it doesn't sound like

18   that's what happened under the facts of the case.

19             And Mr. Hartzell explained that you had

20   dominion and control and it was your house, there was a

21   shotgun sitting out in the open and you could have picked

22   it up, you could have done anything you wanted to with it

23   at that point.  There is no showing that you had anything

24   other than free access to it and you had, since it was

25   in your house, you had the right to possess it, and so

1 I think there is a legal basis for finding that you are
2 actually in at least I think actual possession in this
3 case, but that's part of it.  The other part of it is that
4 it's a sense of fairness here and whether this is the
5 appropriate thing to do.
6             Now, I'm sure Mr. Hartzell has told you
7 this:  If you go to trial and Mr. Ecklund presents this
8 evidence to the jury, they are going to say you're guilty,
9 but and I don't know that that really gets you to the
10 point where you're able to say that this is an appropriate
11 conviction.
12             I mean, given everything that's been
13 discussed under the law, were you a prohibited possessor?
14             THE DEFENDANT:  Yes.
15             THE COURT:  And I know that you may not have
16 paid for that weapon, but did you have dominion and
17 control over it, as Mr. Hartzell explained?
18             THE DEFENDANT:  Yes.  I don't want to have
19 to explain.  It was like I could have reached it, reached
20 it or --
21             THE COURT:  I don't mean the moment that the
22 police officers came into the home, but was it in your
23 house and if it was, could you have picked it up if you
24 wanted to?  This isn't about ownership, this is about
25 whether you had --

1            THE DEFENDANT:  Well, that's -- I was
2   outside, your Honor, I was outside when they got there,
3   I was out playing with my daughter, and the weapon was in
4   the house somewhere, but I was not -- so, I mean, to
5   answer your question honestly, to tell you the truth is
6   I was not within a hundred feet of it, you know, I am just
7   being honest.
8            THE COURT:  So you never got more than a
9   hundred feet away from that weapon, you never were closer
10  than a hundred feet?
11           THE DEFENDANT:  Excuse me?
12           THE COURT:  You were never closer than a
13  hundred feet to that weapon?
14           THE DEFENDANT:  I never returned into the
15  house.  They had me in custody.
16           THE COURT:  Well, I don't mean the moment
17  that police officers arrived on the scene.  Was there any
18  period of time when it was in your house and you were
19  close to it?
20           THE DEFENDANT:  Oh, I imagine there was.
21  It was right next to the bed and I was in there working on
22  my car, so yeah, I was in the garage, I was in the garage
23  area, so that's closer and I probably picked it up.
24           THE COURT:  Well, I think that is probably
25  dominion and control.  Do you agree, Mr. Ecklund?

1           MR. ECKLUND:  Yes.

2           THE COURT:  All right.  And do either

3   counsel have any issue to raise with regard to

4   voluntariness, a factual basis or any other part

5   of the proceedings?

6           MR. ECKLUND:  No.

7           MR. HARTZELL:  No, your Honor.

8           THE COURT:  Mr. Loreto, based upon your

9   statements in court, the representations of your attorney

10  and my review of the file, I do find that you have

11  knowingly, intelligently and voluntarily entered a plea of

12  guilty to the single offense stated in the plea agreement.

13  I do find that there is a factual basis to support the

14  plea based upon your statements, based upon the record in

15  general.  There is a factual basis to support the plea.

16  And pursuant to the terms of the plea agreement, the plea

17  is accepted, it's entered of record.

18           The trial on June 23 is vacated.

19           The matter is set for sentencing on Monday,

20  August 31 at 3:00 in the afternoon here in Division 5.

21           The probation department will file a

22  presentence investigation and report.

23           Mr. Loreto, as soon as we're done here, you

24  need to call the probation department on the telephone and

25  then let them know that you had entered the plea and

1  they'll give you further instructions, and then after

2  that initial contact, the probation department will give

3  reasonable notice to Mr. Hartzell prior to further contact

4  with Mr. Loreto.

5          Now, Mr. Ecklund, do you stipulate to

6  Mr. Loreto's release pending sentencing?

7          MR. ECKLUND:  Yes, I do.

8          THE COURT:  And Mr. Hartzell, you the same?

9          MR. HARTZELL:  Yes, your Honor.

10          THE COURT:  I'll accept the stipulation.

11  Mr. Loreto can continue out of custody until the time of

12  sentencing or further order of the Court.

13          And counsel, is there anything I've omitted

14  or anything else we could be doing in Mr. Loreto's case

15  for today?

16          MR. ECKLUND:  No, sir.

17          MR. HARTZELL:  No, your Honor.

18          THE COURT:  August 31, the last day of

19  August at 3:00 right back here.  But make sure that you

20  call probation.

21          THE DEFENDANT:  Thank you very much.

22  God bless you!

23          (4:00 p.m.)

24                    - - -

25

1         C E R T I F I C A T E

2

3         I, Van G. Honeman, do hereby certify that

4    as an Official Court Reporter for the Cochise County

5    Superior Court, I reported the foregoing proceedings to

6    the best of my skill and ability; and that the same was

7    transcribed by me via computer-aided transcription; and

8    that the foregoing pages of typewritten matter are a true,

9    correct and complete transcript of all the proceedings

10   had as set forth in the title page hereto.

11

12                    _____

13                    VAN G. HONEMAN, RDR
                       Official Court Reporter
14                    Cochise County Superior Court
                       Bisbee, Arizona
15                    AZ Certified Reporter #50335

16

17

18

19

20

21

22

23

24

25

**Bisbee Office Supply**
1116 S. Naco Hwy
Bisbee, AZ 85603
520-432-4306

# NOTARY ACKNOWLEDGMENT

Thank you for your purchase!
Cashier: MANAGER
20-Nov-2020 12:39:09P
Transaction **000009**

| | | |
|---|---|---|
| 1 | COPY PAPER - LETTER / WHITE | $4.95 |
| | 1 Each @ $4.95/Each | |
| 3 | COPIES - LT, B&W | $0.36 |
| 1 | Notary Service | $4.00 |
| | 1 Signature @ $4.00/ Signature | |

was acknowledged before me this _20th November, 2020_

_____reto, Jr.____ (name of person acknowledged).

**Subtotal**                                  **$9.31**

| | |
|---|---|
| AZ State Tax | 5.60% | $0.30 |
| Cochise County Tax | 0.50% | $0.03 |
| City Of Bisbee Tax | 3.50000% | $0.19 |
| **Total Taxes** | | **$0.52** |

_Katherine Kennedy_
Signature of Person Taking Acknowledgment

Title or Rank _____

Serial Number (if any) _____

**Total**                                      **$9.83**
                                                 $9.83

DEBIT CARD SALE

Retain this copy for statement validation

20-Nov-2020 12:50:25P
$9.83 | Method: EMV
US DEBIT XXXXXXXXXXXX1143
BRENDA E LORETO
Reference ID: 032500000430 | Auth ID: 001228
MID: ***********4630
AID: A0000000980840
AthNtwkNm: STAR
RtInd:DEBIT
PIN VERIFIED

We'll see you soon!


8YV55WB4WCSTT

Order 47ZYM77Q9V10Y
Payment 8YV55WB4WCSTT

Clover Privacy Policy
https://clover.com/privacy

# ARIZONA NOTARY ACKNOWLEDGMENT

State of Arizona

County of _Cochise_

The foregoing instrument was acknowledged before me this _20th November, 2020_

(date) by _Jesus E. Loreto, Jr._ (name of person acknowledged).

(Seal)

KATHERINE KENNEDY
Notary Public - Arizona
Cochise County
Commission # 584264
My Comm. Expires Jun 4, 2024

_Katherine Kennedy_
Signature of Person Taking Acknowledgment

Title or Rank _____

Serial Number (if any) _____

COCHISE COUNTY SUPERIOR COURT DIVISION 5 COURT ROOM
HONORABLE JUDGE PRESIDING (J.CONLOUGE)
STATE OF ARIZONA (PLANTIFF) vs JESUS ERNESTO LORETO JR(DEFENDANT)
ATT: JESSICA ZACHARY (legal defense attorney),AMY HUNLEY(COURT CLERK)
HONORABLE JUDGE(J.CONLOUGE) DIVISION 5 COURT ROOM

RE:VARIOUS,ET AL, ISSUES AND ERRORS AND PROBLEMS WITH THE PLEADEAL
AS NULL/VOID AND UNBINDING ,AND WITHIN THE ENTIRE CASE FROM
INCEPTION ,THROUGH OUT AND CONTINUING AS LISTED IN ORDER TO
THE BEST OF THE DERFENDANTS ABILITY.

1. MAY 27, 2020 COURT PROCEEDING ,THE RECORD AND TRANSCRIPTS WILL SHOW
THE HONORABLE JUDGE REJECTED THE PLEA DEAL TWICE (2)DURING THE COURSE
OF THE COURT PROCEEDING ,THIS IMMEDIATLEY PRESENTS VARIOUS
PROBLEMS AND ISSUES WITH THE VALIDITY OF THE PLEA DEAL DOCUMENT
THE SIGNATURE(S)AS BEING VOID AND NULL UNBINDING TWICE
THIS IN ITSELF MANIFESTS INJUSTICE WHICH IS A VIOLATION OF DUE PROCESS
1(a)
JUDGE ERRED IN INVOLVING HIMSELF DEEPLY IN THE PLEA DEAL NEG.
2(b)UPON FIRST REJECTION PLEA DEAL IS NULL AND VOID TO INCLUDE SIGNATUI
3(c) THIS OCCURRS TWICE, THE FIRST REJECTION SHOULD HAVE BEEN FINAL
4(d)SIGNATURES CANNOT BE TRANSPOSED OR COPIED FROM A VOID DOCUMENT
THIS INDICATES FRAUD WHICH IS ILLEGAL
5(e)THE DEFENDANT CLEARLY WAS COHERECED ,INFLUENCED,THREATHEND
CONFUSED,AND DID NOT MAKE A SELF WILLING INTELLIGENT CHOICE DUE TO
THE SEVEREAND EXTREME PRESSURES FROM THE PRESIDING COURT ROOM JUDGE
HO MADE PROMISES ALONG WITH THE PROSECUTION PROVIDING A POSITIVE INFLUENCE
FOR THE DEFENDANT TO AGREE WITH THE PLEA , AFTER CLEARLY STATING ON
THE COURT RECORD PREVIOUSLY AT INITIAL SESSION OF THE PLEA
PROCEDURE THAT HE DID NOT AGREE WITH ANY AND ALL OF THE
STIPULATIONS SET FORTH IN THE PLEA DEAL DOCUMENT.
6(e)THE DEFENDANT AND THE COURT RECORDS WILL ALSO REVEAL AND
PROVIDE SUBSTANTIAL REAL EVIDENCE THAT (TOM SCOTT HARTZELL
WAS LACKINGTO PROVIDE A DILIGENT LEGAL DEFENSE THROUGH OUT THE
CASE . COURT RECORDS WILL PROVIDE SEVERAL ITEMS AND RECORDS
THAT THIS WAS A PERSISTENT AND CONTINUING PROBLEM
BY MR HARTZELL WHICH LEAD THE DEFENDANT TOTERMINATE MR HARTZELL
ON FATHERS DAY JUNE OF 2019 BOTH EMAIL ,AND TERMINATION LETTER
WHERE SUBMITTED FOR THE RECORD ,AS WELL AS MR HARTZELLS OWN
WORDS AND STATEMENT TO THE COURTS UPON FIRST CONTINUANCE REQUEST AT
A PREVIOUS COURT PROCEEDING IMMEDIATELY FOLLOWING THE FATHERS DAY
TERMINATION LETTER.MR HARTZELL CLEARLY STATES ON THE RECORD
ON THAT DAY UPON CONTINUANCE REQUEST THAT HE INFACT HAS BEEN
NEGLECTING THE DEFENDANT AND HIS CASE DUE TO BEING BUSY AND
OVERWORKED WITH TWO MURDER CASES ONE OUT OF TOWN AND EVEN APOLOGIZES TO
E DEFENDANT AND THE COURTS.
f) PLEA DEAL CONTAINS SCRIVNER ERRORRS, AND MUST BE CONSIDERED INVALID
UNBINDING ,TAINTED AND CORRUPT
f)ILLEGAL SEARCH AND SEIZURE
MOTION REQUEST(S)TO SUPRESS ALL TANGIBLE AND INTANGIBLE EVIDENCE
RECOVERED FROM THE ILLEGAL SEARCH AND SEIZURE ON 1-9-19
WERE SUBMITTED BY THE DEFENDANT HIMSELF (pro se) DUE TO A LACK
OF DILIGENT LEGAL REPRESENTATION ON MR HARTZELLS BEHALF WHO
WAS ALLOWED TO WITHDRAWL FROM THE CASE WITHOUT REFUNDING SERVICE FEE
PAID IN FULL BY THE DEFENDANT.

8(g) NONE OF THE DEFENDANTS MOTION(S)WERE RESPONDED TO OR EVEN CONSIDERED AS STATED ON THE COURT RECORD , THIS IS A VIOLATION DUE PROCESS, THE RULES OF EVIDENCE AND THE CRIMINAL PROCEDURE ACT.

9(h)THE DEFENDANT HAS REQUESTED SEVERAL TIMES CERTAIN COURT RECORDS AND TRANSCRIPTS FROM THE COURT CLERK AMY HUNLEY AND HAS FILED THE FORMS WITH A 5 DOLLAR CHECK FOR THOSE COURT RECORDS NONE OF WHICH HAVE EVER BEEN PROVIDED WHEN REQUESTED, THIS SEEMS TO BE A VERY TROUBLING AND EXISTING PROBLEM WITH COURTS AND THE PROSECUTION AS WELL .

9(i) IN ALMOST TWO YEARS NOW THE DEFENDANT HAS REQUESTED MANY EVIDENTARY ITEMS, THE DISCOVERY, VIDEO SURVAILENCEEVID. ICH A DEFENDANT IS ENTITLED TO SUCH AND ALL EVIDENCE FOR REVIEW WITH 5 ATTORNEY PRIOR TO A TRIAL COURT DATE HEARING AND TO DATE HAS BEEN DENIED CH REQUESTED EVIDENCE MANY MANY TIMES, THIS IS A VIOLATION OF THE RULES OF EVIDENCE, CRIMINAL PROCEDURE ACT, AND DUE PROCESS, E BILL OF RIGHTS AND THE US CONSTITUTION OF THE UNITED STATES

)(j) THE DEFENDANT HEREBY REQUESTS THESE MOTION(s) BE FILED ONCE AGAIN WRIT OF CERTIORARI TO A HIGHER COURT FOR REVIEW ION REQUEST TO DISMISS THE ENTIRE CASE DUE TO MANIFEST INJUSTICE ON THE PLEA AGREEMENT .

OLATIONS(S)ET ,AL PLURAL OF THE 1ST,4TH,5TH,6TH,8TH,AMENDMENTS OF

E UNITED STATES CONSTITUTION AND THE BILL OF RIGHTS

11(k) ILLEGAL SEARCH AND SEIZURE OCCUR INITIALLY DUE TO NO PROBABLE CAUSE EXISTING , DUE TO A FRANKS VS DELAWARE VIOLATION WHERE THE AFFIANT CULLEN G CONERLY(D.E.A)AND CCSO OFFICER OWINGLY AND INTENTIONALLY OMIT REAL TRUE EVIDENCE AND IMPORTANT INFO INVOLVED AND PERTAINING TO THE ONGOING CASE AND INVESTIGATION AND LIE, MISLEAD ,FALSELY ACCUSE THE DEFENDANT OF (first DEGREE MURDER, OF STORING LARGE STOCKPILED AMOUNTS OF ALL TYPES OF DRUGS OF SPECIFIC COLORS AND TYPES AS FOLLOWS BLUE HIGH QUALITY METH, GREEN HIGH QUALITY MARIJUANA, AND ROOTBEER BROWN HEROIN IN LARGE STOCKPILED AMOUNTS FROM JULY 4 TH 2018-JAN 9-19 5EPT 28 2018  AT THE HEIGHT OF THE CASE AND INVESTIGATION TIME LINE ERIC H. ENCINAS CCSO OFFICER WHO WAS INVOLVED IN THE CASE FROM THE BEGINING THROUGH OUT TO INCLUDE PARTICIPATION IN THE ILLEGAL SEARCH AND SEIZURE RAID ON 1-9-19 HAD ALREADY PREVIOUSLY EARCH THE RESIDENCE  AT 1919S BARNETT RD, IN PRESENCE OF THE DEFENDANT AND HIS WIFE BRENDA E LORETO.

THE REPORT FILED ON SEPT 28-2018 will reveal by the ccso officers own h HAND AND SEARCH RESULTS THAT NO EVIDENCE OF ANY TYPE OF ILLEGAL ACTIVITIES , OR CONTRABAND WAS FOUND AT THE RESIDENCE ACTIONED UPON BY THE DEFENDANT. FURTHERMORE THIS CAN BE SUPPORTED BY THE VIDEO SURVAILENCE FOOTAGE ILLEGALLY TAKEN BY THE VIDEO POLE CAMERA INSTALLED ON SEP25 2018  A FEW DAYS PRIOR TO THE 1ST SEARCH OF THE RESIDENCE BY LEAD INVESTIGATING AGENCIES CCSO/D.E.A AGENTS CULLEN G CONERLY WHO WAS MONITORING THE VIDEO SURVAILENCE OF THE RESIDENCE AND THE CCSO AGENT OFFICER E.ENCINAS WHO CONDUCTED THE SEARCH OF THE RESIDENCE.THESE OMISSIONS AND FALSE STATEMENTS WHERE INTENTIONALLY ,MALICIOUSLY AND KNOWINGLY COMMITTED BY THE AFFIANT AND CCSO AGENT CONERLY ,ENCINAS WHICH WOULD HAVE PRODUCED NO GROUNDS FOR PROBABLE CAUSE TO EXIST.THIS IN TURN CORRUPTS TAINTS, MISLEADS, VIOLATES US LAW, AZ REVISED STATUTES ,US CONSTITUTION,THE BILL OF RIGHTS, THE CRIMINAL PROCEDURE ACT,

RULES OF EVIDENCE, DUE PROCESS, AND WORST OF ALL DECIEVES A COURT

MAGISTRATE, AND INTERFEARS WITH THE MAGISTRATES ABILITY
TO MAKE A NEUTRAL INFERENCE IN THE SPECIAL NO KNOCK DAY OR NIGHT
SEARCH WARRANT REQUEST PROCEDURE THIS IS OVERWHELMING
VERY DISRESPECTFUL TO THE MAGISTRATE (D.BERNINI)AND MOST IMPORTANT
VIOLATES  ,UNDERMINES THE ENTIRE LEGAL JUDICIAL SYSTEM AS A WHOLE
WHY EVEN REQUIRE THE AFFIANT TO SUBMIT A AFFIDAVIT REQUEST
WHEN HE CAN SIMPLEY LIE,CHEAT,MISLEAD,TAINT AND CORRUPT
DOCUMENTS , WITHOLD REAL IMPORTANT TRUE EVIDENCE, AND WORST ENDANGER
MANY LIVES(155 plus) INCLUDING THE DEFENDANTS WHO ALMOST LOST HIS
LIFE WHEN AN UNKNOWN SWATT TEAM AGENT FIRED SHOT(s) ET ,AL PLURAL
VS HIM(defendant) AND MISSED. THIS IS INTENTIONAL ABUSIVE,
MALICIOUS, POLICE MISCONDUCT THAT HAS GONE UNCHALLENGED, UNCORRECTED,
SILENTLY ALLOWED BY THOSE IN POWER TO NOT ALLOW IT TO CONTINUE, AS IT
IS VERY PROMINENT AND EXISTS IN OUR COUNTRY AND OTHERS
TODAY.  A LIST OF RECENT CASES, JESUS ERNESTO LORETO JR
,LAURO JESUS AVECHUCO, MICHAEL MOLINA , CARLOS RAMIREZ
SAAVEDDRA,JOSE GUERENA ORTIZ, BREONNA TAYLOR, GEORGE FLOYD,
MR WALLACE JR,AND COUNTLESS MORE WHO HAVE BEEN VICTIMS OF THIS
UNGOVERNED VIOLENT POLICE MISCONDUCT AND ABUSE.BUT IT DOES NOT
STOP THERE IT CONTINUES AS DOES IN THE DEFENDANTS CASE,
WITH LAWYERS WHO ASSIST BY NOT DILIGENTLY AND LEGALLY
REPRESENT THEIR DEFENDANTS, PROSECUTORS ,ATTORNEYS AND JUDGES WHO
ALL TURN A BLIND EYE TO THE HIGHLIGHTED AND VERY VISIBLE FACTS
ALWAYS KNOWING THAT THEY WILL NOT BE HELD RESPONSIBLE OR CHALLENGED
BY THE DEFENDANTS OR VICTIMS BECAUSE THE US GOVERNMENT
BODIES,INSTITUTIONS,LAWYER FIRMS, STATE BARS , POLICE AND ALL
THOSE WHO BELONG TO THIS GIANT ENTERPRISE WILL ALWAYS DO WHAT
IS IN THE ENTERPRISES
BEST INTREST, AND THAT OF THEIR COLLEAGUES, AND SELDOMELY
IN THE DEFENDANTS OR COMMON MAN/WOMANS. THAT IS WHY THE UNITED
TATES HAS OVERFLOWING PRISONS AND STREETS FULL OF VIOLENCE AND PROTEST
THE DEFENDANT HEREBY SUBMITTS THIS WRITTEN COMMUNICATION
TO HIS LEGAL DEFENSE REPRESENTATIVE (JESSICA ZACHARY)
AS A GUIDE TO DRAW UP THESE MOTIONS AND SUBMITT THEM
REVISED AND CORRECTED OF COURSE BEFORE THE DEC 7TH COURT DATE TO THE
DEFENDANT ,AND THE COCHISE COUNTY SUPERIOR COURT ,TO INCLUDE
THE WRIT OF CERTIORARI TO THE 9TH DISTRICT COURT OF APPEALS
FOR REVIEW.THE DEFENDANT HAS MADE VARIOUS COPIES AND WILL
SUBMITT THESE COPIES (pro se) IF HE IS IGNORED ONCE AGAIN
BY LEGAL DEFENSE COUNSEL AND AGAIN REMINDS MRS ZACHARY , THAT HE
invokes his right to remain silent(MIRANDA VS ARIZONA)
UNDER THE 5TH AMENDMENT OF THE US CONSTITUTION.AND THAT SHE
IS TO PROCEED DILIGENTLY,AGRESSIVELY, AND LEGALLY AS THE
THE DEFENDANTS(JESUS ERNESTO LORETO JR) legal defense ADVOCate
IF SHE IS UNWILLING OR UNABLE TO PROVIDE A DILIGENT , AGRESSIVE
DEFENSE SHE SHOULD VOICE AND STATE THAT TO THE COURTS AND THE
DEFENDANT A.S.A.P AND ASK TO WITHDRAWL FROM THE CASE BEFORE
SHE IS REPORTED TO THE AZ STATE BAR AS MR TOM SCOTT HARTZELL WAS
FOR HIS LACK IN DOING THE SAME. THANK YOU GOD BLESS YOU
THE DEFENDANT X_____ x 11-20-2020 JESUS E LORETO JR