**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Ernesto Loreto, Jr.,<br><br>                    Plaintiff,<br><br>v.<br><br>Cochise County Superior Court and<br>State of Arizona,<br><br>                    Defendants. | No. CV-20-0553-TUC-BGM<br><br><br><br>**ORDER** |

Plaintiff Ernesto Loreto, Jr. filed a *pro se* Petition for a Writ of Certiorari ("Complaint") (Doc. 1). Plaintiff did not immediately pay the $402.00 civil action filing fee but filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2).

**I.      APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]"  28 U.S.C. § 1915(a)(1). Plaintiff's statement (Doc. 3), made under penalty of perjury, establishes that Plaintiff has few assets and his spouse earns a small income from her employment.  The Court finds Plaintiff is unable to pay the fees.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

**II.     STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation

of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

      A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

      A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, 574 U.S. 10, 11, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory

supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III.  COMPLAINT

Plaintiff's Complaint (Doc. 1) alleges that there is "a federal question pertaining to several violations of the United States Constitution, et al [sic], denile [sic] of due process, violation of civil rights, violation of criminal procedure act, violation of the ru[les] of evidence." Compl. (Doc. 1) at 3. Plaintiff further alleges that the state trial court rejected his plea, and trial counsel was not diligent in his defense. *Id.* at 3–5. Plaintiff seeks "review from the higher court[.]" *Id.* at 4.

#### A.  *Subject Matter Jurisdiction*

As an initial matter, this Court must consider whether it has jurisdiction to hear Mr. Loredo's claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different

- 3 -

States." 28 U.S.C. § 1332. This is referred to as diversity jurisdiction.

Plaintiff's Complaint (Doc. 1) indicates that jurisdiction is premised on violations of the United States Constitution. Compl. (Doc. 1) at 3. Broadly construed, Plaintiff is seeking habeas relief pursuant to 28 U.S.C. § 2254; however, at the time of filing Plaintiff's state court criminal case was ongoing. *See State v. Loreto*, No. CR201900009, Docket (Cochise Cnty. Super. Ct.).[1] As such, the Court has federal subject matter jurisdiction over Plaintiff's claim.[2]

### B. Younger *Abstention*

"Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013). "*Younger* applies when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quotations and citations omitted).

At the time this case was filed, Plaintiff was charged in the Cochise County

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Arizona state court orders and proceedings are proper material for judicial notice. *See Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (taking judicial notice of orders and proceedings before another tribunal).

[2] To the extent that Plaintiff seeks this Court to exercise appellate jurisdiction over the state court proceeding, such jurisdiction is barred by the *Rooker-Feldman* doctrine. *See Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of L.A.,* et al., 23 F.3d 218, 221 (9th Cir. 1994).

Superior Court with several state law drug and weapons violations. *See State v. Loreto*, No. S-0200-CR-201900009, Docket (Cochise Cnty. Super. Ct.). Furthermore, the state has an important interest in prosecuting drug and weapons cases. Plaintiff has an adequate opportunity to raise constitutional challenges during his criminal case and any appeals or post-conviction relief proceedings. Finally, any review would have the practical effect of enjoining the state criminal proceeding. Moreover, there is no evidence of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Bean*, 986 F.3d at 1133 (citations omitted). As such, *Younger* abstention is appropriate in this case. Upon resolution of his state court proceedings, the appropriate mechanism for the relief Petitioner seeks is through a federal writ of habeas corpus. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (Section 2254, Title 28, United States Code, "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment"), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is GRANTED;

(2) Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE; and

(3) The Clerk of the Court shall close its file in this matter.

Dated this 25th day of May, 2021.

Honorable Raner C. Collins
Senior United States District Judge